NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3707
_____

STANTON S. KREMSKY

v.

KENNETH F. KREMSKY,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-16-cv-04474
District Judge: The Honorable Mark A. Kearney

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2018

Before: SMITH, *Chief Judge*, McKEE, and FISHER, *Circuit Judges*

(Filed: December 20, 2018)
_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SMITH, *Chief Judge.*

Stanton Kremsky (Uncle) brought this lawsuit against his nephew Kenneth Kremsky (Nephew) based on Nephew's alleged misconduct in managing Uncle's financial investments. Uncle asserted claims for fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty, and conversion. After a four-day trial, the jury awarded judgment to Uncle on his fraudulent misrepresentation, negligent misrepresentation, and breach of fiduciary duty claims. The jury also awarded punitive damages on the fraudulent misrepresentation and breach of fiduciary duty claims.

Nephew raises several issues on appeal: (1) whether Nephew was entitled to judgment as a matter of law on breach of fiduciary duty and punitive damages; and (2) whether the District Court erred in failing to grant a new trial based on the jury's findings as to the statute of limitations and damages. We will affirm.

I.

We exercise plenary review over orders denying a motion for judgment as a matter of law. *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 664 (3d Cir. 2002). A party is entitled to judgment as a matter of law where a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50. The reviewing court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Goodman*, 293 F.3d at 665 (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). Nephew's arguments fail under this demanding standard.

2

First, we assess whether Nephew was entitled to judgment as a matter of law on Uncle's breach of fiduciary duty claim. In Pennsylvania, fiduciary duty may be established as a matter of law or as a matter of fact. *Basile v. H & R Block, Inc.*, 52 A.3d 1202, 1210 (Pa. 2012). The Pennsylvania Supreme Court has noted the "intensely fact-specific nature of this inquiry." *Id.* at 1210 (internal quotation marks omitted). Under the fact-based test, there can be no single set of "specific circumstances" that amounts to a fiduciary relationship. *In re Scott's Estate*, 316 A.2d 883, 885 (Pa. 1974) (internal citation omitted). Instead, courts have explained that "[t]he essence of such a relationship is trust and reliance on one side, and a corresponding opportunity to abuse that trust for personal gain on the other." *Id.*; *see also Wisniski v. Brown & Brown Ins. Co. of PA*, 906 A.2d 571, 577–78 (Pa. Super. Ct. 2006) ("The critical question is whether the relationship goes beyond mere reliance on superior skill, and into a relationship characterized by overmastering influence on one side or weakness, dependence, or trust, justifiably reposed on the other side."); *Owens v. Mazzei*, 847 A.2d 700, 709–10 (Pa. Super. Ct. 2004) ("[T]he relationship may be indicated whenever a party in a superior position engenders the other's trust and purports to act or advise with the other's interest in mind." (internal quotation marks omitted)).

Uncle presented sufficient evidence for a reasonable jury to conclude that he was in a fiduciary relationship with Nephew. Uncle described himself as a "fiscal idiot," and repeatedly testified that he had complete trust in Nephew based on their close relationship and Nephew's purported expertise. Uncle also testified that Nephew consistently reassured Uncle that he knew what he was doing and that the investments were doing

well, and that Uncle relied completely on Nephew's representations. Under Pennsylvania law, this testimony provided a sufficient basis for a reasonable jury to conclude that a fiduciary duty existed. Nephew was not entitled to judgment as a matter of law.

Nephew's second argument is that the District Court erred by failing to grant him judgment as a matter of law on Uncle's claims for punitive damages. Uncle presented evidence that Nephew engaged in intentional conduct, diverting for his personal use hundreds of thousands of dollars from Uncle's accounts that were supposed to go towards investments for Uncle's benefit. In accordance with Pennsylvania law, jurors were instructed that they had to determine whether Nephew's conduct was "so outrageous as to warrant punitive damages" and that "under the law a person's conduct is outrageous when it is malicious, wanton, willful, oppressive or shows reckless indifference to the interest of others." *See Pa. Suggested Standard Civ. Jury Instrs.—Punitive Damages General Instructions* 8.00; *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. Ct. 1997).

Based on the relationship of trust between Uncle and Nephew and the large amount of money taken by Nephew, there was sufficient evidence for a reasonable jury to conclude that Nephew had acted outrageously and that punitive damages were warranted on the fraudulent misrepresentation and breach of fiduciary duty claims.[1] We will

---

[1] Nephew argues summarily that the evidence does not satisfy the constitutional requirements for an award of punitive damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) ("[P]unitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.").

therefore affirm the District Court's order denying Nephew's motion for judgment as a matter of law.

## II.

Nephew next argues that the District Court erred by failing to grant a new trial based on the jury's findings as to the statute of limitations defense and damages. A district court should grant a motion for new trial "only when the great weight of the evidence cuts against the verdict and . . . a miscarriage of justice would result if the verdict were to stand." *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 163 (3d Cir. 2018) (alteration in original) (quoting *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016)). We review an order denying a motion for a new trial for abuse of discretion. *Id.* Here, the jury's verdict was supported by the evidence and did not result in a miscarriage of justice.

Uncle filed this case in August 2016. The parties agree that Uncle's claims are subject to a two-year statute of limitations, and there is no dispute that some of Uncle's claims are based on conduct occurring prior to August 2014. Uncle therefore relied on the discovery rule to support his claims. In Pennsylvania, application of the discovery rule is generally an issue of fact for the jury. *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011) ("The point at which the complaining party should be reasonably aware that he or she has suffered an injury and its cause is ordinarily an issue of fact to be

---

We conclude that punitive damages were authorized under *Campbell* because the jury had reason to find that Nephew's conduct was reprehensible.

5

determined by the jury due to the fact intensive nature of the inquiry."). The jury found—in three separate sections of the special verdict form—that by exercising reasonable diligence Uncle would not have discovered the fraudulent misrepresentation, negligent misrepresentation, or breach of fiduciary duty prior to August 15, 2014.[2]

This finding was supported by the evidence presented at trial. Uncle testified that he trusted Nephew and relied completely on Nephew's representations that the investments were doing well. The jury therefore had a basis for finding that Uncle could not have known of the fraud prior to August 2014 even through the exercise of reasonable diligence. Accordingly, the District Court did not abuse its discretion in declining to grant a new trial on this ground.

Nephew's final contention on appeal is that the District Court erred in failing to grant a new trial based on the jury's calculations of damages. First, Nephew argues that he was entitled to a new trial because the jury did not give him credit for Uncle's possessory interest in three investment properties. Prior to trial, the parties entered into a joint stipulation agreeing that Uncle had a possessory interest in the three properties. There is no dispute, however, that Uncle is not named on the deeds for those properties, and the stipulation was never entered into evidence at trial. Nor was the jury instructed that it was bound by a stipulation of fact, and it does not appear that the parties even requested such an instruction. Accordingly, the questions of whether Uncle had an

---

[2] The verdict form contained an error in the question regarding the statute of limitations for the breach of fiduciary duty claim. The question asked whether Uncle should have discovered the "conversion" instead of "breach of fiduciary duty." Neither party raised this apparent clerical error as an issue on appeal.

6

interest in the properties and whether Nephew was entitled to an offset for that interest were presented at trial as questions of fact for the jury.

Uncle's expert forensic accountant testified that he was not giving Nephew credit for Uncle's interest in the properties because Uncle was not named in the deeds. Nephew cross-examined Uncle's expert on this point, and Nephew's forensic accountant expert did give Nephew credit for the value of the properties. It was entirely appropriate for the jury, as factfinder, to accept the reasoning of Uncle's expert and conclude that Nephew was not entitled to an offset. Accordingly, the District Court did not abuse its discretion by declining to grant a new trial on this ground.

Second, Nephew argues that he was entitled to a new trial because the jury relied on the valuation method for coins and precious metals put forth by Uncle's expert witness. Nephew had an opportunity to cross-examine the expert regarding his method, and Uncle's expert conceded its weaknesses. Nephew then introduced an alternative method through his own expert, and Uncle in turn highlighted the weaknesses in that valuation method. Given this battle of experts at trial, the jury had a basis in the evidence for adopting Uncle's valuation method as the method that best reflected the damages incurred by Uncle.

Third, Nephew argues that Uncle's coin appraisal expert testimony did not satisfy the standards for expert witness testimony. The District Court held a *Daubert* hearing and concluded that Uncle's coin appraisal expert, Mr. Woodlock, was qualified (albeit "barely qualified") to offer opinion testimony. Nephew does not expressly challenge the

District Court's *Daubert* ruling.[3]  Instead, he argues that the inappropriate admission of Mr. Woodlock's testimony inflated the damages award and that he is entitled to a new trial because of the unfounded award.  That argument fails based on the evidence presented at trial.

Mr. Woodlock testified regarding his experience, including the fact that all of his appraisal training was on-the-job training.  Nephew was free to cross-examine Mr. Woodlock regarding the methods he used to appraise the coins and the limited time he spent on the appraisal, and Nephew did so.  It was entirely within the province of the jury to adopt or reject Mr. Woodlock's appraisal and to consider its weaknesses.  The District Court did not abuse its discretion by declining to grant Nephew a new trial.

\*\*\*

For the reasons set forth above, we will affirm the District Court's judgment.

---

[3] To the extent Nephew does challenge the admission of the coin appraisal expert testimony under *Daubert*, the District Court's ruling is reviewed for abuse of discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) ("[A] court of appeals is to apply an abuse-of-discretion standard when it review[s] a trial court's decision to admit or exclude expert testimony." (second alteration in original) (internal quotation marks omitted)).  The District Court's ruling was well-reasoned and applied this Court's "policy of liberal admissibility," where an individual possesses "skill of knowledge greater than the average layman." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (quoting *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998)).  The District Court did not abuse its discretion by admitting the expert appraisal testimony.